IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DAKOTA BLENDERS d/b/a MILLBROOK FEEDS, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 5:24-cv-265 (MTT) ) |
| PROVANTAGE ANIMAL HEALTH, LLC, | ) ) ) |
| Defendant. | ) ) ) |

## ORDER

Plaintiff Dakota Blenders has moved for default judgment against defendant Provantage Animal Health, LLC ("Provantage"). Doc. 7. For the following reasons, that motion (Doc. 7) is **GRANTED**.

## I. BACKGROUND

The allegations of the complaint[1] are deemed admitted because of Provantage's default and establish the following. An authorized representative of Provantage contracted with Dakota Blenders for the purchase and delivery of cattle feed. Doc. 12 ¶ 8. Between January 11, 2022, and July 26, 2022, Dakota Blenders delivered cattle feed to Provantage on nine different occasions. *Id.* ¶ 9. The cattle feed was accepted on all nine occasions. *Id.* ¶ 10. Provantage failed to pay for the deliveries. *Id.* ¶ 11. After accepting the deliveries, Provantage claimed that the cattle feed it received from Dakota

---

[1] Dakota Blenders amended its complaint solely to allege the member of Provantage, a limited liability company. *See* Doc. 12. The allegations of the amended complaint are otherwise identical to the original complaint. The Court cites to the amended complaint.

Blenders was not up to standard and continued to withhold payments due.  *Id.* ¶ 12.  Provantage refused Dakota Blenders' attempt to cure the alleged defect.  *Id.* ¶ 13.  Due to Provantage's refusal and failure to remit payment for the invoices provided, Dakota Blenders alleges damages in the amount of $206,165.07.  *Id*. ¶ 14.

On August 2, 2024, Dakota Blenders filed this action alleging breach of contract and seeking damages plus attorney fees and costs.  Doc. 1.  After Provantage was served on August 19, 2024, Provantage failed to file an answer or otherwise appear in this case.  Dakota Blenders requested entry of default against Provantage, which was granted on September 25, 2024.  *See* Doc. 6.  Dakota Blenders now moves for entry of Default Judgment against Provantage under Fed. R. Civ. P. 55(b).  Doc. 7.

## II. STANDARD

Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of Court must enter a party's default if that party's failure to plead or otherwise defend an action against it "is shown by affidavit or otherwise."  After default has been entered, the Clerk may enter a default judgment on the plaintiff's request if the claim "is for a sum certain or a sum that can be made certain by computation," as long as the party is not a minor or incompetent and has not made an appearance.  Fed. R. Civ. P. 55(b)(1).  In all other cases, the plaintiff must apply to the Court for a default judgment.  Fed. R. Civ. P. 55(b)(2).  The Court must hold an evidentiary hearing to determine damages unless all the essential evidence is already in the record.  *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("We have held that no such hearing is required where all essential evidence is already of record."); *see also* Fed. R. Civ. P. 55(b)(2) ("The court may conduct hearings[.]").

After the Clerk's entry of default, a defendant is deemed to have admitted all well-pleaded factual allegations in the complaint. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[2]  However, an entry of default against the defendant does not establish that the plaintiff is entitled to a default judgment.  The defendant is not deemed to admit facts that are not well-pleaded or conclusions of law.  *Id*.  "The Court must consider whether the unchallenged facts constitute a legitimate cause of action, because the party in default does not admit a mere conclusion of law.  In considering any default judgment, the Court must consider (1) jurisdiction, (2) liability, and (3) damages." *Johnson v. Rammage*, 2007 WL 2276847, at *1 (M.D. Ga. Aug. 7, 2007) (citing *Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004)).  The defendant is also not deemed to admit the plaintiff's allegations relating to the amount of damages*.  Patray v. Nw. Publ'g, Inc.*, 931 F. Supp. 865, 869 (S.D. Ga. 1996); *see also Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court has an obligation to assure that there is a legitimate basis for any damage award it enters[.]").

### III. JURISDICTION

To enter a valid default judgment, the Court must have both personal and subject matter jurisdiction.  *Rash v. Rash*, 173 F.3d 1376, 1381 (11th Cir. 1999); *see also Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) ("[W]hen entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." (alteration in original)).

---

[2] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

First, the Court has subject matter jurisdiction over Dakota Blenders' claims based on diversity jurisdiction. 28 U.S.C. § 1332. Dakota Blenders alleged it is a limited liability company organized under the laws of South Dakota with its principal place of business in South Dakota. Doc. 2 ¶ 1. Dakota Blenders' sole member is Dale Walder, a citizen of South Dakota. *Id*. ¶ 2. Thus, for purposes of diversity jurisdiction, Dakota Blenders is a citizen of South Dakota. Dakota Blenders also alleged the amount in controversy exceeds $75,000. Doc. 12 ¶ 14. Provantage is an alleged limited liability company organized under the laws of Georgia, with its principal place of business in Warner Robins, Georgia. *Id*. ¶ 5. Provantage's alleged sole member is Ben Walden, a citizen of Georgia. *Id*. ¶ 6. Thus, for purposes of diversity jurisdiction, Provantage is a citizen of Georgia and is completely diverse from Dakota Blenders. *See* 28 U.S.C. § 1332.

Second, the complaint also sufficiently alleges that Provantage is a Georgia limited liability company, and thus the Court has personal jurisdiction over Provantage. Doc. 12 ¶ 2. Moreover, the contract at issue in this case specifies that "[t]he Parties consent to exclusive jurisdiction and venue in the federal and state courts sitting in Bibb County, Georgia." Doc. 12-1 ¶ 13.

In sum, the Court has subject matter jurisdiction over this action. The Court also has general and specific personal jurisdiction over Dakota Blenders and Provantage.

**IV. DISCUSSION**

Dakota Blenders' complaint asserts claims for breach of contract and seeks damages plus attorney fees and costs under O.C.G.A. § 13-6-11. Doc. 12 at 6. Dakota Blenders has adequately alleged Provantage is liable for its breach of the parties'

contract. Dakota Blenders has also submitted sufficient evidence to support an award of $206,146.07. However, Dakota Blenders has not submitted evidence of attorney fees and is therefore not entitled to attorney fees and costs under O.C.G.A. § 13-6-11.

## A. Provantage's Liability

### 1. Breach of Contract

By way of default, it is established that Georgia law applies to Dakota Blenders' claim.[3] Doc. 12-1 ¶ 13. "The elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken." *SAWS at Seven Hills, LLC v. Forestar Realty, Inc.*, 342 Ga. App. 780, 784, 805 S.E.2d 270, 274 (2017). Here, Dakota Blenders specifically alleged Provantage contracted with Dakota Blenders for the purchase and delivery of cattle feed. Doc. 12 ¶ 8. Provantage accepted nine deliveries of cattle feed from Dakota Blenders, and when payment on the deliveries became due, Provantage failed to pay. *Id.* ¶¶ 9-11. This constitutes a breach of contract. *Id.* ¶ 22. As a result, Dakota Blenders incurred damages. *Id.* ¶ 14. These allegations are sufficient to establish Provantage's liability and entitle Dakota Blenders to default judgment on its breach of contract claim against Provantage.

### 2. Attorney Fees and Costs

Dakota Blenders alleges that it is "entitled to [ ] expenses of litigation of this matter, including, but not limited to, its reasonable attorney's fees pursuant to O.C.G.A. § 13-6-11." Doc. 12 ¶ 29. In furtherance of this claim, Dakota Blenders asserts

---

[3] Paragraph 13 of the Company Agreement provides that the contract is governed by Georgia law. Doc. 7-1 ¶ 13 at 4.

Provantage "acted in bad faith by willfully and wantonly breaching their obligations under the Agreement, in addition to refusing to adhere to the late notices and forcing Plaintiff to obtain counsel and file this Action to assert his rights under the Agreement." *Id*.  However, Dakota Blenders has not submitted any evidence of attorney fees and costs as required under O.C.G.A. § 13-6-11.  *See Hagan v. Keyes*, 329 Ga. App. 178, 181 (2014) ("'[A]n award of attorney fees is unauthorized if [the plaintiff] failed to prove the actual costs of the attorney and the reasonableness of those costs.'") (quoting *Cannon Air Transp. Svcs. v. Stevens Aviation*, 249 Ga. App. 514, 519 (2001)).  Therefore, Dakota Blenders has not established Provantage's liability for costs and attorney fees.

**B. Dakota Blenders' Breach of Contract Damages**

Dakota Blenders seeks an award against Provantage for breach of contract damages totaling $206,165.07.  Doc. 12 ¶ 10.  Because Provantage failed to pay for the nine cattle feed deliveries made and accepted pursuant to its contract with Dakota Blenders, Provantage is liable to Dakota Blenders.  An evidentiary hearing is not necessary to calculate damages because the complaint alleges and documents with attached invoices the amount owed for the nine shipments.

Dakota Blenders has presented sufficient evidence that as of July 26, 2022, Provantage owed Dakota Blenders $206,146.07.  Doc. 12-2.  This amount differs from Dakota Blenders' alleged damages of $206,165.07 because Dakota Blenders erroneously included in its calculation a $19.00 balance Provantage owed before January 11, 2022, the date of the first of the nine cattle feed shipments.  Thus, Dakota

Blenders is entitled to an award for breach of contract damages in the amount of $206,146.07.

## V. CONCLUSION

Dakota Blenders' motion for default judgment (Doc. 7) is **GRANTED**. Dakota Blenders is awarded breach of contract damages against Provantage in the amount of $206,146.07. The Judgment shall be entered accordingly.

**SO ORDERED**, this 5th day of November, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
